IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| COLIN BARON VAN EXEL, | : |
| Plaintiff | : |
| VS. | : |
| Warden THOMAS AMMONS, GEORGIA DEP'T OF CORRECTIONS, CRAIG STEPHENS, Deputy Warden GEORGE LASTER, Deputy Warden MIKE HAAS, Lt. LAVERNE JOHNSON, and Officer DANIELS, | : NO. 1:07-CV-80 (WLS) |
| Defendants | : **RECOMMENDATION** |

Plaintiff **COLIN BARON VAN EXEL**, an inmate at Lee State Prison ("LSP") in Leesburg, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the above defendants.

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff alleges that on December 3, 2006, he was attacked by defendant Craig Stephens, plaintiff's cellmate at LSP. According to plaintiff, Stephens punched plaintiff in the face knocking out two of plaintiff's teeth. Plaintiff complains that defendant Officer Daniels was not in her observation booth to assist plaintiff. After plaintiff returned to his cell, Stephens allegedly attacked plaintiff again, this time from behind, beating plaintiff about the head. Officer Daniels, who apparently had been "making rounds of her count," returned and sent plaintiff for pictures. Plaintiff

alleges that his injuries were not treated until the following day. At that time, plaintiff was taken to Phoebe Putney emergency room, where oral surgery was performed on plaintiff's mouth to remove tooth fragments from his gums. Plaintiff complains that he has not received follow-up dental treatment since his surgery nor has he ever had a CAT scan of his head.

In January 2007, plaintiff met with defendants Warden Thomas Ammons and Deputy Warden Mike Haas, wherein plaintiff explained he still needed follow-up medical treatment as well as a partial plate. To date, plaintiff has not received either.

As to defendant Lieutenant Laverne Johnson, plaintiff appears to claim that she refused to press charges against Stephens at plaintiff's request.

Plaintiff files this action seeking equitable relief and damages against inmate Craig Stephens, the Georgia Department of Corrections ("GDOC"), Officer Daniels, Warden Thomas Ammons, Deputy Warden Mike Haas, Lieutenant Laverne Johnson, and Deputy Warden George Laster.

## III. DISCUSSION

### A. GDOC

The GDOC is an agency of the state. A state and its agencies are not "persons" who may be sued under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, it is **RECOMMENDED** that the **GDOC** be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after

being served a copy of this order.

### B. Craig Stephens

Plaintiff sues inmate Craig Stephens for attacking plaintiff. In any section 1983 action, the plaintiff must allege that the act or omission was committed by a person acting under "color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986). Here, plaintiff has sued a fellow inmate. Inmates do not act under color of state law. While plaintiff may have a state civil cause of action against Stephens for assault and battery, he does not have a cause of action against him under section 1983.

Accordingly, it is **RECOMMENDED** that plaintiff's claim against inmate **STEPHENS** be **DISMISSED** and that he be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### C. Lieutenant LaVerne Johnson

Plaintiff appears to allege that Johnson (and perhaps other prison officials) improperly refused to pursue criminal charges against plaintiff's attacker. Plaintiff, however, has no constitutional right to have Stephens prosecuted. "The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order." *Bowers v. DeVito*, 686 F.2d

616, 618 (7th Cir. 1982) (citations omitted). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Furthermore, prison regulations calling for the criminal prosecution of inmates in certain situations do not create a protectible liberty interest for an inmate in having another inmate prosecuted. *Gangloff v. Poccia*, 888 F. Supp. 1549, 1559 (M.D. Fla. 1995) (citing *Hewitt v. Helms*, 459 U.S. 460, 468-71 (1983)). Accordingly, plaintiff suffered no deprivation of his federal constitutional rights when Johnson allegedly refused to prosecute plaintiff's attacker. It is therefore **RECOMMENDED** that this claim be **DISMISSED** and that Johnson be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### D. Deputy Warden George Laster

It is unclear why plaintiff seeks to sue Deputy Warden George Laster. Plaintiff's only mention of Laster is that he attended a December 21st meeting wherein plaintiff and Stephens each presented their version of what happened on December 3rd. The fact that Laster sat in on this meeting states no claim of constitutional magnitude. Because the complaint makes no other allegations against Laster, it is **RECOMMENDED** that it be **DISMISSED** as to him.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these

recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### *E. Officer Daniels*

It is well-settled that a prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. ***Helling v. McKinney***, 509 U.S. 25 (1993); ***Estelle v. Gamble***, 429 U.S. 97 (1976). Prison administrators "are under an obligation to take reasonable measures to guarantee the safety of the inmates." ***Hudson v. Palmer***, 468 U.S. 517, 526-527 (1984). A prison official is not liable, however, "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." ***Farmer v. Brennan***, 411 U.S. 825, 837 (1994). The known risk of injury must be "'a strong likelihood, rather than a mere possibility'" before a prison officer's failure to act can constitute deliberate indifference. ***Edwards v. Gilbert***, 867 F.2d 1271, 1276 (11th Cir.1989).

Here, plaintiff only alleges that Officer Daniels was making rounds when Stephens attacked plaintiff. Plaintiff does not allege that Stephens presented a substantial risk of harm to plaintiff or, more importantly, that Daniels actually knew of such risk. Presumably LSP officials other than Daniels were responsible for the decision to place Stephens in a cell with plaintiff (and plaintiff likewise alleges no facts indicating that such other officials possessed the requisite knowledge of any risk to plaintiff). Although unfortunate, Stephens' attack of plaintiff thus did not result from a

constitutional violation by Daniels. Accordingly, it is **RECOMMENDED** that Officer Daniels be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### F. *Warden Ammons and Deputy Warden Haas*

Plaintiff sues Warden Ammons and Deputy Warden Haas for failure to provide follow-up medical treatment as requested by plaintiff.

In ***Estelle v. Gamble***, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'... proscribed by the Eighth Amendment." "Deliberate indifference" has three components: 1) subjective knowledge of a risk of serious harm; 2) disregard of that risk; and 3) conduct that is more than mere negligence. ***McElligott v. Foley***, 182 F.3d 1248, 1255 (11th Cir. 1999). A medical need is serious when it "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." ***Farrow v. West***, 320 F.3d 1235, 1243 (11th Cir. 2003). Deliberate indifference may be evidenced by the intentional interference of a prison official with medical treatment once it is prescribed. *Estelle*, 429 U.S. at 104-05.

Although it is not clear whether plaintiff has stated a constitutional claim against the

Ammons and Haas for deliberate indifference, the undersigned cannot determine at the present time that the allegations are entirely frivolous. Consequently, the complaint shall proceed as to these two defendants.

## IV.  CONCLUSION

In a separate order, the undersigned has directed that plaintiff's deliberate indifference claim against defendants Warden Thomas Ammons and Deputy Warden Mike Haas be served on said defendants. The undersigned **RECOMMENDS** that all other defendants be **DISMISSED** from this action.

**SO RECOMMENDED**, this 16th day of May, 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE