IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **COLIN BARON VANEXEL,** | |
| **Plaintiff,** | |
| VS. | CIVIL ACTION FILE NO.  1:07-CV-80 (WLS) |
| Warden THOMAS AMMONS, and Deputy Warden MICHAEL HAAS[1], | |
| **Defendants.** | |

**RECOMMENDATION**

This is a § 1983 action brought by a former State of Georgia inmate proceeding *pro se*. There is no question that Plaintiff was suddenly attacked by his cell mate on December 3, 2006, resulting in the loss of three teeth and other facial injuries.  It is not disputed that on December 4, 2006, he was transported to a nearby hospital for an examination and taken to a dentist where, according to Plaintiff, the dentist, "performed oral surgery to remove tooth fragments still in gums, restructured bone and had to remove another tooth that was knocked loose (3 teeth lost)" (Doc. 2, p. 9).  At the time of the filing of his complaint during the Spring of 2007, (complaint signed on March 25 and received in Clerk's Office May 3, 2007)  Plaintiff's complaints seem to be that he had received no further dental care or treatment since December 4, 2006.  Other than indicating that he wants his "mouth repaired" he seems to voice no other real complaints.  The court having concluded it could not find with certainty that his claims of delay or denial of follow up medical treatment were frivolous allowed Plaintiff's complaint to proceed against these defendants.

---

[1] All other named Defendants were dismissed by the Court on August 1, 2007 (Doc. 6).

On April 21, 2008, the Defendants filed their pre-answer motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) which raised, among other issues, Plaintiff's failure to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") (Doc 13).  In order for Defendants to make the necessary showing relative to their failure to exhaust argument they relied upon matters outside the pleadings, such as the affidavit of Gwen Woodham, a deputy warden at Lee State Prison, the Plaintiff's grievance history and the Georgia Department of Corrections Standard Operating Procedure on the grievance system. Due to this fact and out of what was probably an over abundance of caution the undersigned decided to convert the Defendants' motion to dismiss to a motion for summary judgment. Accordingly the required notice of the filing of a motion for summary judgment was provided to the Plaintiff.  Whether properly considered to be a motion to dismiss or a motion for summary judgment the notice provided to the Plaintiff advised him that,

> **FAILURE OF THE PLAINTIFF HEREIN TO RESPOND TO AND REBUT THE STATEMENTS SET FORTH IN THE DEFENDANTS' AFFIDAVITS AND/OR OTHER SWORN PLEADINGS MAY RESULT IN SAID STATEMENTS BEING ACCEPTED AS THE TRUTH.**  The court could grant judgment to the defendants and there would be no trial or further proceedings.
>
> Accordingly, the plaintiff is hereby given notice of his right to file responses to the defendants' Motion for Summary Judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure **WITHIN THIRTY (30) DAYS of receipt of this order.**  After the passage of thirty (30) days from the date of this order, the court will consider the defendants' Motion for Summary Judgment and any opposition to same filed by the plaintiff.

(Doc. 14)

It is to be noted that Plaintiff had completed his sentence and been released from custody when Defendants filed their motion (Docs. 9, 14).  Defendants served their motion and the Court

served its notice of the filing of the motion on Plaintiff at his Baltimore, Maryland address.  The Court's notice has not been returned to the Court as undeliverable, thereby creating the presumption of receipt by the Plaintiff.  For whatever reason Plaintiff has elected to file nothing in opposition to Defendants' motion.  It has been the Court's experience that in well in excess half of the cases which are pending when the *pro se* Plaintiffs are released from custody they lose all interest in continuing to pursue their claims.

*Motion to Dismiss Vs. Motion for Summary Judgment*

As earlier noted Defendants attached matters outside the pleadings to their motion to dismiss.  Federal Rule of Civil Procedure 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  <u>All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion</u>.(Emphasis added)

Section 1997e(a) of the PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement has been clearly held not to be jurisdictional in nature, <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S. Ct. 2378, 2392 (2006).  It is however clearly a precondition to filing of an action by a prisoner under these circumstances.  <u>Bryant v. Rich</u>, 530 F.3d 1368, 1374 (11th Cir. 2008).

The granting of a motion for summary judgment is a ruling on the merits, whereas a dismissal for a failure to exhaust available administrative remedies is not. The Eleventh Circuit

recently joined other circuits in determining that a motion to dismiss for a failure to exhaust available administrative remedies as required by the PLRA is a matter in abatement and if the remedies are found to be unexhausted the dismissal should be without prejudice.  More importantly, the court held that, "[w]here exhaustion - like jurisdiction, venue, and service of process - is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Rich v. Bryant, 530 F. 3d 1368, 1376 (11th Cir. 2008).

Here, the court converted Defendants' motion to dismiss to a motion for summary judgment on April 23, 2008, the Rich case was not decided until June 20, 2008.  Whether or not Defendants' motion should have remained a motion to dismiss is of no real distinction here as the important thing is that the Plaintiff was given a sufficient opportunity to develop a record in opposition to the exhaustion issue.  Since Rich, it is clear under these circumstances that the court may properly consider matters out side the pleadings to make a factual finding on the exhaustion issue and such finding will not be on the merits.

A review of the matters filed by the Defendants makes clear the fact that Plaintiff did not exhaust his administrative remedies before filing suit in this case (Doc. 13 -3, 13 - 5, 13 - 6). During his stay at Lee State Prison Plaintiff filed only one formal grievance, some four or five months prior to the assault giving rise to the dental problem.  Although he did file an informal grievance regarding his teeth the same was denied as being out of time.  He did not pursue this further by filing a formal grievance and an appeal in the event that the formal grievance was denied.  He has failed to exhaust his administrative remedies as required by the PLRA prior to

bringing this action which now must be **DISMISSED WITHOUT PREJUDICE.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

    **SO RECOMMENDED,** this 12th day of January 2009.

                                                   */s/ Richard L. Hodge*
                                                   RICHARD L. HODGE
                                                   UNITED STATES MAGISTRATE JUDGE